UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Chad Duncan | ) | Case No. 25-20137 |
| | ) | Chapter 12 Proceedings |
| Debtor. | ) | Hearing Date: September 11, 2025 |
| | | Hearing Time: 10:00 a.m. |
| | | Hannibal Hearing Location |

## OBJECTION TO MOTION FOR USE OF CASH COLLATERAL AND REQUEST FOR ORDER PROHIBITING USE OF CASH COLLATERAL

Comes now Creditor Exchange Bank of Missouri (hereinafter "Creditor Bank") and for its Objection to the Debtor's Motion for Use of Cash Collateral and Request for Order Prohibiting Use of Cash Collateral states:

1. Creditor Bank has valid liens on most if not all the Debtor's assets, including but not limited to real estate, livestock, equipment, crops, accounts receivable including payments from Two Rivers Cattle Feeders, Inc., and government farm payments. Some of the liens are first liens, but several are junior liens.
2. Debtor is presently indebted to Creditor Bank for approximately $5,520,000.00.
3. Creditor Bank demands adequate protection of its interest in the cash collateral.
4. Debtor, over the objections of the Creditor Bank, has converted the Creditor Bank's collateral to cash and used the cash to support the operations of Debtor and his company, Two Rivers Cattle Feeders, Inc. including, but not limited to:
    a. Selling cattle in 2025 subject to the Creditor Bank's lien and using all the proceeds;
    b. Selling crops in 2024 and 2025 subject to the Creditor Bank's lien and using all the proceeds; and
    c. Taking and using federal farm program payments, and accounts receivable payments including from Two Rivers Cattle Feeders, Inc.
5. The Debtor has little post-petition collateral to grant the Creditor Bank any additional liens after the harvest of this year's crops and the sale of his livestock.

6. The Debtor is not proposing to provide the Creditor Bank with adequate protection for the value of the collateral proposed to be used and its interest is not adequately protected by equity in the Debtor's assets and certainly not by payments to the Small Business Administration who is a junior creditor to the Creditor Bank.

7. The proposed use of the cash collateral is an unreasonable use of the funds in that the use favors the Debtor's company Two Rivers Cattle Feeders, Inc. and it proposes to pay unsecured creditors for cash rent and other uses.

8. The Motion does not comply with Rule 4001 in that it does not list the material provisions including the name of each entity with an interest in the cash collateral, how the cash collateral will be used, the material terms of its use, and all liens, cash payments and other adequate protection that will be provided the Creditor Bank.

9. Since the filing of the Debtor's voluntary petition under Chapter 12 of the Bankruptcy Code, the Debtor has used certain cash collateral covered by Creditor Bank's security interest without obtaining an order authorizing such use or Creditor Bank's consent as required by 11 U.S.C.A. § 363(c)(2).

10. Creditor Bank's interest in the cash collateral is not being adequately protected, and the Bank will suffer irreparable damage to its interest in its secured property unless an order is issued prohibiting the Debtor from using cash collateral.

   WHEREFORE, Creditor Bank requests the relief requested by the Debtor in its Motion to Use Cash Collateral be denied and the Court issue an order prohibiting the Debtor from using the cash collateral.

                              CHAPMAN AND COWHERD, P.C.

                              BY: /s/ Robert Cowherd
                                 Robert Cowherd #24902
                                 903 Jackson – P.O. Box 228
                                 Chillicothe MO 64601
                                 660 646 0627
                                 Telefax: 660 646 1105
                                 Email: rcowherd@ccttlaw.com
                              ATTORNEY FOR CREDITOR
                              EXCHANGE BANK OF MISSOURI.

Certificate of Service

The undersigned certifies that a copy of the foregoing document was served electronically, via the Court's CM/ECF system and upon the Office of the U.S. Trustee, and mailed via First Class Mail to all creditors and parties in interest per the Court's mailing matrix on file, on the 5 day of September, 2025.

/s/ Robert Cowherd
Robert Cowherd