UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Chad Duncan | ) | Case No. 25-20137 |
| | ) | Chapter 12 Proceedings |
| Debtor. | ) | Hearing Date: September 11, 2025 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | |

### CHAPTER 12 TRUSTEE'S OBJECTION TO
### DEBTOR'S MOTION FOR JOINT ADMINISTRATION OF CASES

COMES NOW Seth A. Albin, Chapter 12 Trustee ("Duncan Trustee") and for his Objection to the Debtor Chad Duncan's Motion for Joint Administration states:

1. Debtor Chad Duncan in this case (the "Chad Duncan case") has filed a Motion for Joint Administration under Federal Rule of Bankruptcy 1015 and Local Rule 1015 (the "Motion").

2. The Motion purports to request joint administration with a case filed by Debtor Two Rivers Cattle Feeders, Inc., Case No. 25-20053 (the "Two Rivers case").

3. Seth Albin is the Court appointed Chapter 12 Trustee in the Chad Duncan Case

4. Charles Riske is the Court appointed Chapter 12 Trustee in the Two Rivers Cattle case ("Two Rivers Trustee")

5. Upon review of the Petition and Schedules filed in the Chad Duncan case and the Two Rivers case, the Debtors share only seven (7) common creditors.

6. In the Chad Duncan case, the Debtor lists eleven (11) unshared creditors.

7. In the Two Rivers case there are nine (9) unshared creditors in the Two Rivers case.

#3444341v1

8. There are a different Chapter 12 Trustee assigned to each case making administration is unworkable.

9. In the Motion, the Debtor cites both Federal Rule of Bankruptcy Procedure 1015 and Local Rule 1015 as the basis for joint administration. However, neither rule is applicable in the present case.

10. Local Rule 1015(A) only applies to cases where a joint petition was filed, and Local Rule 1015(B) only applies to Chapter 11 cases. As there was no joint petition filed and this is not a Chapter 11 case, there is no basis for joint administration.

11. The Debtor also cites FRBP 1015(b) as a basis to jointly administer these cases. While FRBP Rule 1015(b)(1)(D) does appear to allow a court to order the joint administration of a debtor and an affiliate, it still requires that the Court consider how to protect the interest of creditors from each of the different estates. The motion does not set forth how these debtors would do so because they cannot do so. Specifically:

    a. As set forth above, there are few common creditors between Two Rivers and Chad Duncan and each debtor has more separate creditors than common ones.

    b. According to the Motion, Two Rivers is a client of Duncan and according to the Schedule F filed by Two Rivers, Two Rivers owes over $100,000.00 to Duncan. Both of these facts create a potential or actual conflict of interest among the two estates preventing joint administration.

    c. There is not going to be any "greater recovery for creditors in both cases" since in both cases, it appears that both Plans will need to be 100% Plans.

    d. The two cases involve very dissimilar businesses.

#3444341v1

  e. There are two different trustees assigned to each of the two cases so joint administration is not workable.

 12. Additionally, the Court should not grant the Motion for Joint Administration because:

  a. It also does not appear that the debtor in the Two Rivers case filed a Motion for Joint Administration in that case;

  b. The certificate of service on the Motion does not indicate that it was served on all creditors in either the Chad Duncan Case or the Two Rivers case;

  c. Joint administration will not save expense since even if the filing of a single plan is allowed, the plan will need to address each class of creditors, in each case separately, so the "single" plan would actually be two separate plans filed as a single document which must be served on all parties listed in two separate and different mailing matrixes;

  d. The Motion alleges that if consolidated, separate pleadings will not be necessary. Given that there are different trustees, different creditors, two different matrixes and different issues in each case, the pleading to be filed will still have to address the separate issues and relief request in each separate estate.

  e. Single invoicing of fees and expenses will not save expenses since all invoices should employ project billing with categories for work performed, on particular matters attributed to the relevant estate. Additionally, it would create significant administrative issues. For example, if a single invoice is allowed, from which bank account will the invoice be paid?

#3444341v1

WHEREFORE, for the foregoing reasons Seth A. Albin, Chapter 12 Truste, respectfully requests that the Court deny the Debtor's Motion for Joint Administration and for such other and further orders as it deems proper.

Respectfully submitted,

**SUMMERS COMPTON WELLS LLC**

BY:   /s/  Seth A. Albin
        Seth A. Albin #46483
        903 S. Lindbergh Blvd, Suite 200
        St. Louis, Missouri 63131
        E-mail: albintrustee@summerscomptonwells.com
        *Chapter 12 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served electronically, via the Court's CM/ECF system and upon the Office of the U.S. Trustee, and mailed via First Class Mail to all creditors and parties in interest per the Court's mailing matrix on file, on the 8th day of September, 2025.

        /s/   Seth A. Albin
        Seth A. Albin

#3444341v1