UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     Chad Duncan | ) | Case No. 25-20137 |
| | ) | Chapter 12 Proceedings |
| Debtor. | ) | Hearing Date: September 11, 2025 |
| | ) | Hearing Time: 10:00 a.m. |

**CHAPTER 12 TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION TO EXPEDITE HEARING ON ITS MOTION FOR JOINT ADMINISTRATION**

COMES NOW Seth A. Albin, Chapter 12 Trustee ("Duncan Trustee") and for his Limited Objection to the Debtor Chad Duncan's Motion for Joint Administration states:

1. Debtor Chad Duncan in this case (the "Chad Duncan case") has filed a Motion for Joint Administration under Federal Rule of Bankruptcy 1015 and Local Rule 1015 (the "Motion").

2. The Motion purports to request joint administration with a case filed by Debtor Two Rivers Cattle Feeders, Inc., Case No. 25-20053 (the "Two Rivers case").

3. Seth Albin is the Court appointed Chapter 12 Trustee in the Chad Duncan Case

4. Charles Riske is the Court appointed Chapter 12 Trustee in the Two Rivers Cattle case ("Two Rivers Trustee").

5. The Debtor has also filed a Motion for Expedited Hearing [Docket No. 18], in which the Debtor requests that the Motion be heard on an expedited basis. However the Debtor fails to provide a basis upon which the need for expedited basis arises with regard to the Motion.

6. In the Motion to Expedite, the Debtor also states that it has provided notice to all creditors through the Court's CM/ECF system. However, the Motion itself does not have a Certificate of Service and the Notice of Hearing [Docket No. 19] does not state that a copy of the

Motion or the Motion to Expedite were served on all creditors listed on the matrix or that a copy was served on the creditors in the Two Rivers Cattle Feeders, Inc. case (Case No. 25-20053).

7. As the Debtor fails to provide a basis for the need for expedited hearing and not all creditors were served with either the motions themselves or the notice of hearing, the Trustee believes that hearing the Motion on an expedited basis would not be appropriate.

8. The Trustee's objection is limited to the Debtor's Motion for Joint Administration only. The Trustee takes no position on hearing the Debtor's Motion for Use of Cash Collateral or the Motion to Employ Counsel on an expedited basis.

WHEREFORE, Seth A. Albin, Chapter 12 Trustee, respectfully requests that the Court enter an order denying the Debtor's motion to hear its Motion for Joint Administration on an expedited basis and for all such other and further orders as the Court deems necessary.

Respectfully submitted,

**SUMMERS COMPTON WELLS LLC**

BY:  /s/  Seth A. Albin
Seth A. Albin #46483
903 S. Lindbergh Blvd, Suite 200
St. Louis, Missouri 63131
E-mail: albintrustee@summerscomptonwells.com
*Chapter 12 Trustee*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served electronically, via the Court's CM/ECF system and upon the Office of the U.S. Trustee, and mailed via First Class Mail to all creditors and parties in interest per the Court's mailing matrix on file, on the 8th day of September, 2025.

 /s/   Seth A. Albin
Seth A. Albin