**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.: 25-20137-659 |
| | ) | **Hon. Kathy Surratt-States** |
| **CHAD DUNCAN,** | ) | Chapter 12 Proceeding |
| | ) | |
| Debtor. | ) | #103           2/20 |
| | ) | |
| | ) | |

### ORDER CONFIRMING FIRST AMENDED CHAPTER 12 PLAN

This matter coming to be heard on the First Amended Chapter 12 Plan of Adjustment of Debts of a Family Farmer with Regular Income [Docket No. 103] (the "**Plan**") filed by Chad Duncan (the "**Debtor**").  Capitalized terms used herein shall have the same meaning ascribed to them as in the Plan unless otherwise defined herein. Prior to the filing of the Plan, the following objections (the "**Objections**") to Debtor's initial Chapter 12 Plan of Adjustment of Debts of a Family Farmer with Regular Income [Docket No. 84] (the "**Former Plan**") were filed, which Objections were carried forward by Debtor to be heard in connection with the Plan:

(a) Objection to Confirmation of Plan Filed by Creditor Exchange Bank of Missouri ("**Exchange**") [Docket No. 87] (the "**Exchange Objection**");

(b) Objection to Confirmation of Plan Filed by Creditor United States of America ("**USA**") [Docket No. 91] (the "**USA Objection**");

(c) Objection to Confirmation of Plan Filed by Creditor LOL Finance Co. ("**LOL**") [Docket No. 92] (the "**LOL Objection**"); and

(d) Objection to Confirmation of Plan Filed by Trustee Seth A. Albin ("**Chapter 12 Trustee**") [Docket No. 93] (the "**Chapter 12 Trustee Objection**").

A hearing on confirmation of the Plan and the Objections was held by the Court on February 20, 2026 (the "**Confirmation Hearing**").  At the hearing Debtor represented that the

Objections had been resolved subject to the various objecting parties' right to review and approve this Order prior to its entry. This being the case, Counsel for Debtor requested confirmation of the Plan under Section 1225 subject to the various amendments to the Plan set forth below.

The Court FINDS as follows:

After consideration of the record as a whole, the Court finds that: (1) The Plan complies with the provisions of Chapter 12 and with the other applicable provisions of Title 11; (2) Any fee, charge or amount required under Chapter 12 of Title 11, or by the Plan, to be paid before confirmation, has been paid; (3) The Plan has been proposed in good faith and not by any means forbidden by law; (4) The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of Debtor were liquidated under chapter 7 of this title on such date; (5) With respect to each allowed secured claim provided for by the Plan, either (A) the holder of such claim has accepted the Plan; or (B) (i) the Plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the Plan, of property to be distributed by the trustee or Debtor under the Plan on account of such claim is not less than the allowed amount of such claim; or (C) Debtor will surrender the property securing such claim to such holder; (6) Debtor will be able to make all payments under the Plan and to comply with the Plan; (7) Debtor has paid all of the amounts that are required to be paid under any domestic support obligation and that first became payable after the date of the filing of his Chapter 12 bankruptcy petition if Debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligations.

2

**IT IS HEREBY ORDERED THAT:** The Plan is amended as follows:

A.       Exchange Bank's Secured Claim - Article IV Section D.2.(a) is amended such that Exchange Bank's Secured Claim is Allowed in the amount of $6,181,491.21, which amount includes principal of $5,519,560.41, interest of $636,930.79, and attorney's fees of $25,000. With these changes, the yearly payment to Exchange Bank shall be amended to $554,545.73 per year.

B.       LOL Finance Co.'s Secured Claim – Article IV Section D.3. is hereby amended in its entirety and restated as follows:

**3.       Class 3 – Secured Claims of LOL Finance Co.**

(a)     Treatment: LOL Finance Co. ("LOL") is a Secured Claimant holding a senior lien on certain of Debtor's real property, inventory, accounts, equipment, farm products, livestock, general intangibles, and fixtures as set forth in the loan documents attached to LOL's Secured Claim (the "LOL Loan Documents"), Claim No. 26. LOL's Secured Claim is Allowed in the estimated amount of $3,044,460.11, plus attorneys' fees, post-petition interest and other costs as provided the LOL Loan Documents, less any and all payments made by Debtor to LOL after the Petition Date.  The liens and security interests of LOL shall continue after confirmation unimpaired; nothing in the Plan, Confirmation Order, or Section 1227(c) shall revest the collateral securing the LOL Secured Claim free and clear of the liens and security interests of LOL.  Except as expressly modified herein, all LOL Loan Documents will remain in full force and effect. Debtor shall not receive a discharge of the debts owed to LOLF pursuant to 11 U.S.C. § 1228, which discharge is hereby waived by Debtor.  Nothing in the Plan or the Confirmation Order shall stay, enjoin or otherwise impair LOL's rights with respect to any party other than Debtor obligated to LOL under the LOL Loan Documents.  To the extent the provisions of this Section IV.D.3 regarding treatment of LOL conflict with any other provision of the Plan, the provisions of this Section shall control.

Debtor will continue to make payments to LOL pursuant to the following terms:

1. Loan 1007280 – loan balance of $366,459.59 as of the Petition Date

    i.   Debtor shall make yearly payments on Loan 1007280 directly to LOL pursuant to the existing loan terms, except as provided herein. The yearly payment shall be $37,110.28 per year with the first post-confirmation

3

payment due on December 1, 2026 and the outstanding balance due on December 1, 2029.

2. Loan 1008130 – loan balance of $213,052.00 as of the Petition Date

   i. Debtor shall make yearly payments on Loan 1008130 directly to LOL pursuant to the existing loan terms, except as provided herein. The yearly payment shall be $22,363.32 per year with the first post-confirmation payment due on December 1, 2026 and the outstanding balance due on December 1, 2029.

3. Loan 1008140 – loan balance of $199,323.77 as of the Petition Date

   i. Debtor shall make yearly payments on Loan 1008140 directly to LOL pursuant to the existing loan terms, except as provided herein. The yearly payment shall be $12,527.15 per year with the first post-confirmation payment due on December 1, 2026 and the outstanding balance due on December 1, 2029.

4. Loan 1010570 – loan balance of $263,321.40 as of the Petition Date

   i. Debtor shall make monthly payments on Loan 1010570 directly to LOL pursuant to the existing loan terms, except as provided herein.

      1. Loan 1010570 shall be reamortized over ten (10) years at a 7.50% interest rate with a five (5) year balloon. Debtor shall make monthly payments of $4,700 on or prior to the 15th day of each month, and the outstanding balance due on December 15, 2030.

      2. For so long as the real property primarily secured by Loan 1010570 is leased to a third party tenant, such tenant shall make payment directly to LOL each month.

5. Loan 1012730 – loan balance of $1,713,512.34 as of the Petition Date

   i. Debtor shall make monthly payments on Loan 1012730 directly to LOL pursuant to the existing loan terms, except as provided herein. The monthly payment shall be $20,849.60 per month, which shall be paid on or prior

4

to the 15th day of each month, and the outstanding balance due on December 15, 2029.

ii. For so long as the real property primarily secured by Loan 1010570 is leased to a third party tenant, such tenant shall make payment directly to LOL each month.

6. Loan 1015460 – loan balance of $288,312.19 as of the Petition Date

i. Debtor shall make yearly payments on Loan 1015460 directly to LOL pursuant to the existing loan terms, except as provided herein. The yearly payment shall be $32,468.10 per year with the first post-confirmation payment due on December 1, 2026, and the outstanding balance due on December 1, 2029.

This Plan is not binding as to any third-party payors or obligors of any of the aforementioned loans including but not limited to Terry Duncan, Harrison Creek Farm, or 3-D Pig Company, Inc. Debtor shall remain liable for any missed payments by a third-party payor.

C.    Secured Claims of CNH Industrial Capital America LLC – The final paragraph of

Article IV Section D.9. is hereby amended and restated as follows:

Debtor anticipates the yearly payment to CNH in 2026 will be $151,287.13. Debtor estimates the yearly payments to CNH from 2027 through 2030 will be $134,361.14. Debtor estimates the yearly payment to CNH in 2031 will be $78,139.53.

D.    General Unsecured Claims – Chapter 12 Trustee's Fees – The following

paragraph is hereby added as Article IV Section D.14.(d):

(d) Trustee Fees. The Chapter 12 Trustee shall receive as compensation for his services a base fee of $1,500.00 annually (due and payable July 15 of each Plan year), in addition to five percent (5%) of payments from Debtor payable to the Trustee at the time payments are made to unsecured creditors, plus reasonable attorney fees and expenses allowed by the Court, pursuant to § 326(b) of the Bankruptcy Code and L.R. 2016-4. Said percentage fee shall not apply to payments made by Debtor directly to creditors. Post-petition farming payments both accruing and made post-petition, including landlord lease payments and repayment of any crop input liens both accruing and made post-petition, are not subject to a Trustee fee.

5

**E.**     Payments to the United States of America – The following paragraph is hereby

added as Article IV Section C.2.(c):

> All payments under the confirmed plan to the United States of America, or any of its agencies, shall be made to the U.S. Attorney's Office for the Eastern District of Missouri (the "USAO") The USAO will provide payment instructions to Debtor, Debtor's counsel, and the Chapter 12 Trustee.

**F.**     Miscellaneous Changes – The following sections shall be amended and restated as

set forth below:

1.     Article VI Section I shall be amended and restated as follows:

**I. Defaults.  Upon the event of default related to any or all of Debtor's payment obligation or other obligations under the Plan, any Creditor shall first provide Debtor's counsel with a notice to cure, giving Debtor ten (10) business days to cure the default. In the event that said default is not so cured then the Creditor shall be permitted to accelerate the amounts due and owing under their Allowed Claim and pursue their rights and remedies against Debtor under applicable State law and shall be deemed to have relief from the automatic stay or plan injunction without further order of the court.**

2.     Article IX shall be amended and restated as follows:

**DISCHARGE. EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR CONFIRMATION ORDER, UPON THE COMPLETION OF THE PAYMENTS REQUIRED UNDER THE PLAN, THE DEBTOR, HIS ESTATE, AND ALL OF HIS PROPERTY, WILL RECEIVE A DISCHARGE OF AND RELEASE FROM ALL ANY AND ALL CLAIMS, LIENS, DEBTS, SECURITY INTERESTS, ENCUMBRANCES, AND INTERESTS THAT AROSE BEFORE THE CONFIRMATION DATE, INCLUDING, BUT NOT LIMITED TO, ALL PRINCIPAL AND ANY INTEREST ACCRUED THEREON, WHETHER OR NOT THE CREDITOR FILES A PROOF OF CLAIM, ACCEPTS THIS PLAN, OR HAS ITS CLAIM ALLOWED, EXCEPT AS PROVIDED IN CODE § 1228. SUCH DISCHARGE WILL NOT DISCHARGE DEBTOR FROM ANY DEBTS THAT ARE NON-DISCHARGEABLE UNDER CODE § 523, EXCEPT AS PROVIDED IN RULE 4007(C) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE. UNDER CERTAIN CONDITIONS, DEBTOR MAY BE GRANTED A DISCHARGE EVEN IF ALL PLAN PAYMENTS TO BE MADE UNDER THE PLAN DURING THE PLAN PERIOD ARE NOT COMPLETED. SUBJECT TO THE PROVISIONS OF THIS ARTICLE, THE PAYMENTS AND DISTRIBUTIONS MADE UNDER THIS PLAN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION, DISCHARGE, AND RELEASE OF ALL CLAIMS AGAINST DEBTOR, AND ANY OF HIS ASSETS OR PROPERTY, INCLUDING ANY CLAIM FOR INTEREST ACCRUING AFTER THE PETITION DATE AND PRIOR TO THE EFFECTIVE DATE. ON AND AFTER**

**THE EFFECTIVE DATE, EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN OR CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS ARISING PRIOR TO THE CONFIRMATION DATE SHALL, TO THE FULLEST EXTENT POSSIBLE UNDER APPLICABLE LAW, BE PERMANENTLY BARRED AND ENJOINED FROM ASSERTING AGAINST DEBTOR OR HIS ASSETS OR PROPERTY ANY OTHER OR FURTHER CLAIMS, INCLUDING CLAIMS BASED ON ANY ACT OR OMISSION, TRANSACTIONS OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED PRIOR TO THE CONFIRMATION DATE.**

**A.     Vesting of Property. Except as provided in the Plan or Confirmation Order, o**n the Effective Date, all Estate Property will vest in Debtor pursuant to Code § 1227(c), free and clear of all Claims and interests except as provided in the Plan.  Should this Chapter 12 Case convert to a case under Chapter 7 following confirmation, but before substantial consummation of the Plan, all property of the Chapter 12 estate shall revest in the Chapter 7 estate.

**B.     Binding Effect of Plan / Plan Creates New Obligations.** The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. Except as provided in the Plan or Confirmation Order, the payments provided for in this Plan constitute new contractual obligations that replace those obligations to Creditors that existed prior to the Confirmation Date. On and after the Confirmation Date, the provisions of this Plan shall bind Debtor, and all Creditors (whether they have accepted this Plan or not) and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

**C.     Modification of Plan.   Subject to compliance with Section 1229 of the Bankruptcy Code,** Debtor may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new or additional disclosures to Creditors. Upon request of Debtor, the United States Trustee, or the holder of any Allowed Unsecured Claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on Claims of a particular class; (2) extend or reduce the time period for such payments; or (3) alter the amount of Distribution to a Creditor whose Claim is provided for by the Plan to the extent necessary to take account of any payment of the Claim made other than under the Plan.

**D.     Retention of Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction of this Case pursuant to the provisions of Chapter 12 of the Bankruptcy Code, until the entry of a final decree closing the Estate, and with respect to the following matters:

1.     To preserve and enable Debtor to consummate any and all proceedings brought or to commence any action to set aside liens or encumbrances and to recover any transfers, assets or damages to which Debtor may be entitled to under applicable provisions of the Bankruptcy Code, including without limitation, Code §§ 544, 545, 547, 548, 549, and 553(b), or other federal, state or local laws;

2. To adjudicate, hear and determine all controversies concerning the amount, Classification and priority of all Claims against or interest in Debtor and to reexamine any Claims or interests which may have been Allowed including, without limitation, to hear and determine all Claims arising from the rejection of any executory contracts or unexpired leases. The failure by Debtor or any party in interest initially to object or to examine any Claims or interests shall not be deemed to be a waiver of their rights to object to, or cause to be reexamined, any such Claim, in whole or in part;

3. To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

4. To adjudicate all Claims to a security or ownership interest in any Estate Property or property of Debtor or in any proceeds thereof, and to resolve any and all disputes involving any Claims;

5. To conduct hearings on valuation, as necessary, and to determine whether any party-in-interest is entitled to recover against any Person any Claim, whether arising under Chapter 5 of the Bankruptcy Code, state law, out of a voidable preference, out of a fraudulent transfer or otherwise, whether such voidable transfer occurred prior to or after the Petition Date;

6. To adjudicate all Claims or controversies arising out of any purchase, sale or contract made or undertaken by Debtor during the pendency of this Case;

7. To hear and determine any and all pending adversary proceedings or contested matters;

8. To enforce any judgment entered or settlement approved by the Bankruptcy Court;

9. To recover all assets and properties of Debtor wherever located;

10. To hear and determine all applications for compensation of professionals and other Administrative Expenses;

11. To adjudicate all Claims of Debtor against third parties, to the extent the Court has authority to maintain jurisdiction over said Claims;

12. To determine all matters, controversies, and disputes arising under or in connection with this Plan, the application or disposition of Estate Property, and/or to determine any modification of the Plan after Confirmation;

13. To determine such other matters as may be provided for in this Plan and the order of Confirmation and for the purposes set forth in Code § 1229;

14. To make such orders as are necessary or appropriate to establish and enforce the rights and powers of Debtor under the confirmed Plan or to carry out the provisions of this Plan, including, but not limited to orders interpreting, clarifying or enforcing the provisions thereof; and

8

15.    To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules.

**E.    Final Decree.**  Once the Estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, Debtor shall file a motion with the Court to obtain a final decree to close the Case. Alternatively, the Court may enter such a final decree on its own motion.

**IT IS HEREBY ORDERED THAT:** the hearing on confirmation of the Plan is concluded, that the Court finds that, taking into account the above amendments to the Plan, there are no unresolved objections to the Plan and said Plan is therefore CONFIRMED.

**IT IS FURTHER ORDERED THAT:** notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order are immediately effective upon its entry.

**IT IS FURTHER ORDERED THAT:** no later than two (2) business days after entry of this Order Debtor shall serve a copy of this Order and shall file a Certificate of Service no later than one (1) day after service.

_____
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  February 25, 2026
St. Louis, Missouri
jjh

Order Prepared By:
Robert E. Eggmann
Samuel S. Barnd
Carmody MacDonald, P.C.
120 South Central Ave., Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 / (314) 854-8660 Fax